# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| David Richard Walker Jr., | ) |
|         Plaintiff, | ) Civil Action No. 8:19-cv-00597-JMC |
| v. | ) **ORDER AND OPINION** |
| Associate Warden Lane, | ) |
|         Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on February 11, 2020. (ECF No. 128.) The Report addresses Plaintiff David Richard Walker's suit under 42 U.S.C. § 1983 and recommends that the court dismiss the case for failure to prosecute (ECF No. 128 at 2.) For the reasons stated herein, the court **ACCEPTS** the Report (ECF No. 128), and **DISMISSES** the case pursuant to Fed. R. Civ. P. 41(b).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 128.) As brief background, on February 28, 2019, Plaintiff, proceeding *pro se*, filed his Complaint, alleging constitutional violations pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On December 2, 2019, Defendant filed her Motion for Summary Judgment. (ECF No. 116.) On December 3, 2019, the Magistrate Judge issued a *Roseboro* Order (ECF No. 117), which apprised Plaintiff of the procedures surrounding summary judgment. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (requiring the court to provide an explanation of the dismissal and summary judgment procedures to *pro se* litigants). Plaintiff was also informed of the possible consequences if he failed to respond adequately to the Motion. (ECF

No. 117.) Plaintiff failed to timely respond, but because Plaintiff is proceeding pro se, the court filed an Order on January 10, 2020, giving Plaintiff until January 30, 2020, to respond to the Motion for Summary Judgment. (ECF No. 125.) Plaintiff failed to respond again.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on February 11, 2020. (ECF No. 128.) Objections to the Report were due by February 25, 2020. (ECF No. 128.) However, objections were due by February 28, 2020, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id*.) Neither party filed objections to the Report.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in

a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 128.) Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

For the reasons above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 128). Therefore, the court **DISMISSES** the case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 6, 2020
Columbia, South Carolina